**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 11-00303-CR-W-GAF |
| ) | |
| **LONNIE GOODRICH** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is *pro se* Defendant Lonnie Goodrich's ("Defendant") "Jurisdiction Notice by Way of Affidavit to Suppress Evidence Obtained from Search and Seizure." (Doc. # 42). The Court construes this Motion as a motion to suppress. Shortly after this Motion was filed, United States Chief Magistrate Judge Robert E. Larsen ordered Defendant identify in writing by March 15, 2012, the exact evidence he sought to suppress and the legal theory upon which he was relying. (Doc. # 43).

On March 20, 2012, Defendant filed two (2) separate documents: (1) a Motion to Suppress, and (2) an "Answer to Plaintiff's Opposition to Defendant's Motion to Suppress Evidence."[1] (Docs. ## 44, 45). Both documents were filed in this case and the related case, *United States v. Goodrich*, 09-00353-10-CR-W-ODS, presided over by United States District Judge Ortrie Smith. With regard to the "Answer to Plaintiff's Opposition to Defendant's Motion to Suppress Evidence," in the related case, Judge Smith construed it as a motion to suppress and denied the motion. (Doc. # 65).

A status conference regarding this Motion was held on March 21, 2012, wherein it was

---

[1] The Motion to Suppress (Doc. # 44) is currently pending before the Court.

1

discovered the Motion sought to suppress evidence generated from the same September 23, 2009, search warrant addressed in Judge Smith's order. (*Id.*). The Government confirmed that only one (1) search was conducted related to this Defendant. (*Id.*). Judge Larsen ordered Defendant identify specific evidence he sought to suppress and gave him up to and including March 26, 2012, to file the requested information. Upon expiration of the deadline, Defendant never specified evidence that was not previously addressed by Judge Smith's February 28, 2012, order in the related case that resolved the legality of the search nor did he provide any authority permitting Defendant to relitigate Judge Smith's order.

Additionally pending before this Court are Defendant's "Judicial Notice By The Way of Affidavit to Suppress Evidence," and "Judicial Notice By Way of Affidavit to Suppress All Evidence/And Judicial Notice By Way of Affidavit to Suppress Evidence Obtained from Search and Seizure." (Docs. ## 51, 52). These motions are construed as motions to suppress. The motions again concern evidence that was seized pursuant to the September 23, 2009, search warrant previously litigated and ruled by Judge Smith.[2]

Considering the above, Judge Larson ultimately recommended the Court enter an order denying this Motion and all motions to suppress discussed herein.

Upon careful and independent review of the motions to suppress, the Record, as well as the applicable law, this Court hereby adopts and incorporates as its own Opinion and Order the Report and Recommendation of United States Chief Magistrate Judge Robert E. Larsen. (*See* Doc. # 65). Accordingly, it is

---

[2]On April 19, 2012, Defendant filed a "Judicial Notice By Way of Affidavit to Suppress Evidence Obtained from Search and Seizure." (Doc. # 75). This filing concerns the same evidence previously addressed by Judge Smith and Judge Larsen.

2

**ORDERED** all Defendant's motions to suppress are DENIED.

                                                          /s/ Gary A. Fenner
                                                          Gary A. Fenner, Judge
                                                          United States District Judge

DATED: April 23, 2012.