# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2838
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnie Goodrich, also known as Danniel Watkins, also known as Verdell Goodrich

*Defendant - Appellant*

_____

No. 12-3496
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnie Goodrich, also known as Danniel Watkins, also known as Verdell Goodrich

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2014
Filed: June 9, 2014

---

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

---

BYE, Circuit Judge.

Lonnie Goodrich appeals his 210 month sentence imposed by the district court[1] after a bench trial in which Goodrich was found guilty of conspiracy to distribute more than fifty grams of cocaine base and his concurrent 210 month sentence imposed by a separate district court[2] after another bench trial in which Goodrich was found guilty of managing a home for the purpose of distributing cocaine base. We affirm the sentences.

I

On March 3, 2010, Goodrich was charged, along with eleven co-defendants, with one count of conspiracy to distribute more than fifty grams of a mixture containing a detectable amount of cocaine base ("Goodrich I"). On December 14, 2011, Goodrich was charged with managing and controlling a building for the purpose of the use and distribution of cocaine base ("Goodrich II").

Goodrich was the only defendant to proceed to trial and requested a bench trial in each case. The trial in Goodrich I was held in March of 2012, and the trial in

---

[1] The Honorable Judge Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2] The Honorable Judge Gary A. Fenner, United States District Judge for the Western District of Missouri.

-2-

Case 4:11-cr-00303-GAF   Document 121-1   Filed 06/09/14   Page 2 of 6
Appellate Case: 12-2838     Page: 2     Date Filed: 06/09/2014 Entry ID: 4162436

Goodrich II was held in April of 2012. The evidence presented at the trials showed Goodrich was the resident and manager of a drug house and conducted some low-level drug transactions. Goodrich was found guilty in each case.

The sentencing in Goodrich I was held on July 31, 2012. A pre-sentence report ("PSR") had been prepared for sentencing which incorrectly relied on the 2011 United States Sentencing Guidelines Manual ("U.S.S.G."). As relevant to this appeal, the district court applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), which was recommended by the PSR based on the 2011 Guidelines Manual. In a separate calculation, the district court found Goodrich to be a career offender under U.S.S.G. § 4B1.1 and thus calculated a statutory maximum of life, a criminal history category of VI, an applicable offense level of 37, and a guidelines range of 360 months to life. The district court adopted the PSR and sentenced Goodrich to the below-guidelines term of 210 months of imprisonment.

The sentencing in Goodrich II was held on September 27, 2012. The district court determined Goodrich's total offense level as 32, his criminal history category as VI, and his guidelines range as 210-240 months. The district court sentenced Goodrich to 210 months to be served concurrently with the 210 month sentence in Goodrich I. Goodrich now appeals both sentences.

II

Goodrich argues the district court in Goodrich I erred by failing to apply the Fair Sentencing Act and committed procedural sentencing error, and the district court in Goodrich II committed substantive sentencing error. When arguments were not raised below, they are reviewed for plain error. United States v. Smith, 573 F.3d 639, 659 (8th Cir. 2009). Under plain error review, it is the defendant's burden to prove (1) there was error, (2) that was plain, and (3) affected substantial rights. United States v. Burnette, 518 F.3d 942, 947 (8th Cir. 2008) (citing Johnson v. United States,

-3-

520 U.S. 461, 466-67 (1997); Fed. R. Crim. Pro. 52(b)). When a defendant appeals a sentence and makes no claim of procedural error, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard. United States v. Hoffman, 707 F.3d 929, 935 (8th Cir. 2013).

A

Goodrich first argues the district court in Goodrich I erred in failing to apply the Fair Sentencing Act. The Fair Sentencing Act, which came into effect on August 3, 2010, reduces the crack-to-powder-cocaine disparity in sentencing. As relevant to this appeal, the Fair Sentencing Act amended 21 U.S.C. § 841 to require a conspiracy of greater than 280 grams, rather than the prior standard of greater than 50 grams, for an imprisonment term of twenty years to life. The Fair Sentencing Act's more lenient penalty provisions apply to offenders who committed a crack-cocaine crime before the Fair Sentencing Act came into effect, but were sentenced after. Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). Goodrich was sentenced on July 31, 2012, and the Fair Sentencing Act applies to his case, yet Goodrich was indicted and convicted for the pre-Act amounts.

Any error by the district court, however, was not plain. It is insufficient for Goodrich to show the indictment and conviction were "technically defective" in listing 50 grams instead of 280 grams. United States v. Higgins, 710 F.3d 839, 846 (8th Cir. 2013). Even if an indictment errs in listing the pre-Fair Sentencing Act amounts, as long as a district court, acting as fact-finder in a bench trial, "explicitly f[inds] beyond a reasonable doubt that the conspiracy involves in excess of [280 grams] of crack cocaine" there is no plain error. Id. at 847. In its written judgment, the district court did not make an explicit finding on the exact amount of crack-cocaine which was part of the conspiracy, but did note an 8-ball of crack was sold every other day from at least August 2008 to September 2009 and approximately 450 grams were purchased in undercover transactions. These findings by the district court

Case 4:11-cr-00303-GAF   Document 121-1   Filed 06/09/14   Page 4 of 6
Appellate Case: 12-2838     Page: 4     Date Filed: 06/09/2014 Entry ID: 4162436

are sufficient explicit findings that Goodrich engaged in a conspiracy involving in excess of 280 grams. Any error in failing to apply the new amounts was not plain.

B

Goodrich next argues the district court in Goodrich I committed two errors in calculating the Guidelines range. The district court determined Goodrich was a career offender pursuant to U.S.S.G. § 4B1.1, the statutory maximum of the offense of conviction was life, and, therefore, the offense level was 37. Goodrich argues that under the Fair Sentencing Act a conviction for 50 grams of crack would only lead to an offense level of 34 under U.S.S.G. § 4B1.2. However, as discussed above, the district court found Goodrich guilty of conspiracy to distribute at least 280 grams of crack, which under the Fair Sentencing Act carries a statutory maximum of life in prison, and therefore an offense level of 37 under § 4B1.1. There was no error.

The district court in Goodrich I also applied the special offense characteristic found at U.S.S.G. § 2D1.1(b)(12) ("If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels."). Section 2D1.1(b)(12), however, was not in effect at the time Goodrich committed his crime, and thus is not applicable. See Peugh v. United States, 133 S.Ct. 2072, 2088 (2013). Without the § 2D1.1(b)(12) enhancement, Goodrich's offense level would have been 34 instead of 36 as calculated by the district court. However, because the district court properly applied the separate § 4B1.1 enhancement to find an offense level of 37, no plain error occurred because even without the application § 2D1.1(b)(12), Goodrich's offense level would have been the same.

Case 4:11-cr-00303-GAF   Document 121-1   Filed 06/09/14   Page 5 of 6
Appellate Case: 12-2838      Page: 5      Date Filed: 06/09/2014 Entry ID: 4162436

C

Goodrich next argues the district court in Goodrich II committed substantive sentencing error because the sentencing errors in Goodrich I necessarily rendered the consideration of the 18 U.S.C. § 3553(a) factors in Goodrich II insufficient. Goodrich does not claim procedural error in Goodrich II and the substantive reasonableness of the sentence is reviewed under an abuse-of-discretion standard. Hoffman, 707 F.3d at 935. There were no sentencing errors in Goodrich I to unduly influence the district court in Goodrich II. Additionally, the district court in Goodrich II properly calculated the guideline range, properly discussed the § 3553(a) factors, and sentenced Goodrich to the bottom of the guidelines range. The district court did not abuse its discretion and the sentence was reasonable. See United States v. Pappas, 715 F.3d 225, 230 (8th Cir. 2013) (holding a sentence within the advisory guidelines range is presumptively reasonable).

III

Accordingly, we affirm both sentences.[3]

_____

---

[3] We have examined the other issues raised by Goodrich in his *pro se* filings but find no other claims merit discussion. Therefore, we affirm those issues without comment. *See* 8th Cir. R. 47B.

-6-

Case 4:11-cr-00303-GAF   Document 121-1   Filed 06/09/14   Page 6 of 6
Appellate Case: 12-2838    Page: 6    Date Filed: 06/09/2014 Entry ID: 4162436