# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LONNIE GOODRICH, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 16-00216-CV-W-GAF-P |
| vs. ) | Crim. No. 11-00303-01-CR-W-GAF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOVANT'S MOTION UNDER 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, AND DISMISSING CASE**

Movant, who is incarcerated at the FCI Forrest City Medium in Forrest City, Arkansas, pursuant to a conviction and sentence entered in the above-cited criminal case, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed suggestions in opposition to Movant's motion (Docs. 7, 15, 17), and Movant has filed replies thereto (Doc. 11, 14). Because this Court finds that the motion, files, and record conclusively show that Movant is not entitled to relief,[1] Movant's motion is denied, a certificate of appealability is denied, and this case is dismissed.

**Background**

On December 14, 2011, Movant was charged with maintaining a residence for the purposes of distributing cocaine base, in violation of 21 U.S.C. §§ 856(a)(2) and (b). Crim. Doc. 1.[2] Although Movant was appointed counsel, on January 12, 2012, Magistrate Judge Robert E. Larsen found that Movant knowingly and voluntarily waived his right to assistance of counsel and permitted Movant to

---

[1] "A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation and internal quotation omitted).

[2] "Crim. Doc." refers to the docket number entries in Movant's criminal case, 11-00303-01-CR-W-GAF. "Doc." refers to the docket number entries in Movant's civil case, Case No. 16-00216-CV-W-GAF-P. Page number citations refer to the page numbers assigned by the CM/ECF electronic docketing system.

1

proceed *pro se* with stand-by counsel. Crim. Docs. 5, 11. On April 27, 2012, following a bench trial, Movant was found guilty of the single count charged. Crim. Doc. 87.

On July 24, 2012, a Presentence Investigation Report (PSR) was issued, wherein Movant was found to be a career offender under U.S.S.G. § 4B1.1 and was ascribed a base and total offense level of 32. Crim. Doc. 100, pp. 13-14. Movant's career offender status was predicated on two crimes of violence, one for a second-degree robbery and one for second-degree burglary in Jackson County, Missouri. *Id*. at 13. Movant was ascribed 19 criminal history points, which yielded a Criminal History Category VI. *Id*. at 14-18. As a result, the PSR calculated an advisory Sentencing Guidelines range of 210 to 240 months' imprisonment, with 240 months being the statutory maximum for the offense. *Id*. at 23.

Movant appeared before this Court on September 27, 2012, whereupon this Court imposed a sentence of 210 months' imprisonment. Crim. Docs. 103, 104. Movant appealed, arguing that this Court erred during sentencing, and the Eighth Circuit affirmed. *Goodrich v. United States*, 754 F.3d 569, 570-73 (8th Cir. 2014). Movant sought a petition for a writ of certiorari, which the Supreme Court denied on October 19, 2015. *Goodrich v. United States*, 136 S. Ct. 721 (2015).

On March 10, 2016, Movant filed the present § 2255 motion, wherein he argues, i*nter alia*, that he is entitled to relief under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). Doc. 1. Although counsel originally was appointed to represent Movant, counsel was permitted to withdraw after reviewing Movant's case and finding that he is not eligible for relief under *Johnson*. Docs. 2, 3, 6.

**Standard**

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence. A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides

2

a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

**Discussion**

Movant's § 2255 motion raises the following twelve grounds for relief: (1) the prosecutor committed misconduct by filing the indictment in this case; (2) the indictment in Movant's other criminal case, Case No. 09-00353-10-CR-W-ODS, was "null and void;" (3) the prosecutor violated Movant's rights "by declaring an unjust war on petitioner by exercising vindictive prosecution . . . causing a Fifth Amendment Double Jeopardy violation;" (4) the prosecutor violated Movant's Fifth and Sixth Amendment rights by filing the indictment in this case after filing a statement in Case No. 09-00353-10-CR-W-ODS indicating that the Government was seeking forfeiture of Movant's property; (5) the prosecutor committed misconduct by "obtain[ing] a vague superseding indictment" that failed to provide proper notice of the charge; (6) the allegations of criminal forfeiture charged in Case No. Case No. 09-00353-10-CR-W-ODS are the same as those charged in the present underlying criminal case; (7) the prosecutor deprived Movant of his right "to call witnesses who acted as a certified chemist who tested the drugs;" (8) Movant's designation as a career offender is improper under *Johnson*; (9) direct appeal counsel was ineffective for raising "a meritless unconstitutional issue on direct appeal;" (10) direct appeal counsel was ineffective for refusing to raise a claim on direct appeal regarding Movant's designation as a career offender; (11) the PSR erroneously designated Movant as a career offender based on a "non Generic burglary" conviction in Missouri, in that Movant's burglary was of a commercial building; and (12) the prosecutor used "Ghost drugs to establish the drug amount." Doc. 1, pp. 12-16. Respondent contends that Movant's grounds for relief are without merit. Doc. 7, pp. 13-21; Docs. 15, 17.

3

*I. Grounds 1, 2, 3, 4, 5, and 6 are without merit.*

In Grounds 1-6, Movant raises claims concerning the constitutionality of the indictment, including its alleged technical deficiencies, how it relates to the indictment in Case No. 09-00353-10-CR-W-ODS, its use as a means to obtain forfeiture of his property, and its implication on double jeopardy. Doc. 1, pp. 12-14. Initially, claims concerning defects in the indictment or the sufficiency of the indictment are not cognizable grounds for relief in a § 2255 proceeding. *Houser v. United States*, 508 F.2d 509, 514-515 (8th Cir. 1974). Similarly, challenges to forfeiture, restitution, and fines are not cognizable under § 2255 because they do not raise issues related to the "right to be released" from custody. *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003).

Even if Movant's claims in Grounds 1-6 are cognizable, they are without merit. A review of the indictment demonstrates that it was returned within the statute of limitations, properly invoked the statutory language, and was a proper notice of the charges. *United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009) ("An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution") (internal quotation omitted). Furthermore, Movant's allegations of double jeopardy violations are without merit. *See United States v. Mann*, 701 F.3d 274, 285 (8th Cir. 2012) ("[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.") (internal quotation omitted). The crime charged in the underlying criminal case had distinct elements from the crime charged in Case No. 09-00353-10-CR-W-ODS.[3] Consequently, Movant was not subjected to double jeopardy.

Finally, Grounds 1-6 are without merit insofar as they raise allegations of vindictive prosecution, because Movant fails sufficiently to establish that the charge in this case was brought in

---

[3] In Case No. 09-00353-10-CR-W-ODS, the superseding indictment charged Movant and others with conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)A), and 846.

4

order to punish him for the exercise of a legal right. *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (to establish vindictive prosecution, "[t]he defendant has the burden to demonstrate that the prosecution was brought in order to punish him for the exercise of a legal right" . . . "timing alone is insufficient to trigger the presumption of vindictiveness.") (alterations added, internal quotations omitted). As a result, Grounds 1-6 are denied.

### *II. Grounds 7 and 12 are without merit.*

In Grounds 7 and 12, Movant raises claims concerning the Government's use of "ghost drugs" to establish the drug quantity and the denial of Movant's right to call as a witness the chemist who certified the drug quantity. Doc. 1, pp. 14-16. As Respondent points out, Movant appears to be challenging the drugs testified to by co-conspirators at trial or admissions from co-conspirator proffer statements, rather than drugs seized by law enforcement. Doc. 7, p. 9.

Initially, Movant's allegations in Grounds 7 and 12 are conclusory and are unsupported by sufficient facts and law to establish that Movant is entitled to § 2255 relief. *See Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) ("In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner."). Notably, Movant does not sufficiently identify a witness that the Government kept from him or how such testimony would have benefitted Movant. Insofar as Movant's claims are attempting to challenge the sufficiency of the evidence, claims challenging the sufficiency of the evidence or other evidentiary rulings are not cognizable under § 2255. *Houser*, 508 F.2d at 515-16. Moreover, the "[t]estimony of an accomplice is sufficient to sustain a conspiracy conviction unless it is incredible or insubstantial on its face." *United States v. Thompson*, 533 F.3d 964, 970 (8th Cir. 2008) (internal quotation omitted). Movant fails to make such a showing. Therefore, Grounds 7 and 12 are denied.

### *III. Grounds 8, 9, 10, and 11 are without merit.*

In Grounds 8, 9, 10, and 11, Movant claims that his designation as a career offender was improper, particularly under *Johnson*, and that direct appeal counsel was ineffective for raising a

5

claim that was without merit on appeal and for not challenging his career offender designation. Doc. 1, pp. 15-16. Movant later filed a supplement, wherein he argues that his prior conviction for second-degree burglary in Missouri is overbroad and cannot qualify as a crime of violence under *Mathis v. United States,* 136 S. Ct. 2243 (2016). [4]

U.S.S.G. § 4B1.1 provides enhanced Sentencing Guidelines calculations for those deemed "career offenders." Under § 4B1.1(a), a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.2(a) defines a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Movant's career offender designation was not made in error and is not affected by *Johnson* and *Mathis*. At issue in *Johnson* was whether the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The ACCA requires an enhanced statutory range of punishment for anyone convicted of violating § 922(g) if the person has three previous convictions that qualify as either a "violent felony" or as a "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is defined under the ACCA as a crime that "has as an element

---

[4] In *Mathis*, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924 (e) (2) (B) (ii) for purposes of the ACCA. *Mathis*, 136 S. Ct. at 2243. Specifically, courts must compare the elements of the state crime with the generic version of the enumerated federal offense. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600–01 (1990)). If the state crime was "the same as, or narrower than, the relevant generic offense," the state crime qualified as an enumerated offense under the ACCA. *Id.* at 2257.

the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offenses clause"); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id*. § 924(e)(2)(B)(i), (ii). The *Johnson* Court held that a sentenced imposed under the residual clause of the ACCA violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

This case was stayed pending the resolution of *Beckles*, which decided whether a vagueness challenge like that raised in *Johnson* could be made against similar provisions in the Sentencing Guidelines. On March 6, 2017, the Supreme Court decided *Beckles* and held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The *Beckles* Court distinguished the provisions of the Armed Career Criminal Act from the Sentencing Guidelines and concluded that the ruling in *Johnson* does not apply to Sentencing Guidelines provisions, which only serve to "guide the exercise of a court's discretion in choosing the appropriate sentence within the statutory range." *Id*. at 892.

Here, Movant was not sentenced under the ACCA, and *Beckles* forecloses Movant's attempt to extend the *Johnson* decision to his career offender designation. Even if the holding in *Mathis* prevents Movant's prior burglary conviction under the enumerated offenses in § 4B1.2(a)(2),[5] second-degree burglary in Missouri still constitutes as a crime of violence under the residual clause of § 4B1.2(a)(2). Because the *Beckles* Court found that the residual clause of § 4B1.2(a) is not void for vagueness, pre-*Johnson* residual clause case law remains valid as applied to § 4B1.2(a)(2). For

---

[5] Missouri's second-degree burglary statute lists alternative elements: burglary "of a building" and burglary of "an inhabitable structure," the latter of which is arguably overbroad when compared to the elements of generic burglary. *See United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016). In the charging document related to Movant's prior second-degree burglary conviction, Movant was charged with "knowingly enter[ing] unlawfully in an inhabitable structure." Doc. 14-1, p. 2.

7

instance, in *United States v. Cantrell*, 530 F.3d 684, 695 (8th Cir. 2008), the Eighth Circuit found that second-degree burglary in Missouri is "clearly a 'crime of violence' under the 'otherwise involves conduct that presents a serious potential risk of physical injury to another' clause of § 4B1.2(a)." The *Cantrell* Court explained, "the [g]overnment remains free to argue that any offense – including offenses similar to generic burglary – should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk to another[.]'" *Id.* (quoting *Taylor*, 495 U.S. at 600, n.9). Therefore, a burglary need not be generic to be a crime of violence under the residual clause of § 4B1.2(a)(2), and Movant fails to establish that he is entitled to relief under *Johnson* and *Mathis*. Movant also fails in his ancillary arguments and allegations to establish that his career offender designation was in error.

Because Movant's designation as a career offender was not made in error, such a claim on direct appeal would have been without merit. Therefore, Movant fails to establish in Grounds 9 and 10 that he was prejudiced by direct appeal counsel's failure to raise a claim concerning Movant's career offender designation. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (for a claim of ineffective assistance of counsel, a movant must establish that he was prejudiced by counsel's alleged deficient performance, which requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). As a result Grounds 8, 9, 10, and 11 are denied.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

8

Case 4:11-cr-00303-GAF   Document 127   Filed 04/12/17   Page 8 of 9

## Conclusion

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied, a certificate of appealability is denied, and this case is dismissed.

It is so **ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2017.